**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America ex rel. <br> KENNETH CEBERTOWICZ, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | Case No. 00-cv-7289 |
| v. | ) <br> ) | Judge Robert M. Dow, Jr. |
| BRADLEY J. ROBERT, Warden <br> of Centralia Correctional Center, | ) <br> ) <br> ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court respectfully denies Petitioner's request [41] for a certificate of appealability.

**I.    Background**

On January 30, 2009, this Court entered a 27-page memorandum opinion and order [38] denying the petition for writ of habeas corpus filed by Petitioner. The background of this case is set forth in considerable detail in that document. Petitioner now seeks a certificate of appealability [41]. In support of his request, Petitioner presents no particularized arguments as to why a certificate of appealability should issue as to any of the fifteen claims raised in his petition. Rather, Petitioner simply states his general belief that "there are issues that merit an appeal and that reasonable jurists might come to a different conclusion."

**II.    Analysis**

   **A.    Procedurally Defaulted Claims**

In his habeas petition, Petitioner raised fifteen separate claims, the nature of which are set forth in detail in the Court's January 30 memorandum opinion and order. The Court determined

that six of those claims (1-5 and 14) were procedurally defaulted (Mem. Op. at 14-20). This Court has discretion to issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Supreme Court has held that when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*.

In its prior memorandum opinion and order, the Court concluded that Petitioner failed to fairly present his first and fifth claims at all in state court, that Petitioner failed to present his second, third, and fourth claims in his petition for leave to appeal to the Illinois Supreme Court, and that the effect of those procedural defaults doomed Petitioner's fourteenth claim, which was premised on the cumulative effect of all of the alleged trial errors (including those asserted in claims 1-5). The Court does not believe that reasonable jurists could disagree with the procedural holdings as to claims 1-4 and 14. And although the Court observed that the procedural default as to claim 5 was a "close call" (*id*. at 17), the Court also explained in detail why, even if that claim were not procedurally defaulted, it would fail on the merits under the *Strickland* standard for ineffective assistance of counsel (*id*. at 18-19 n.6). Thus, even if the Court's procedural holding as to claim 5 could be debated, the request for a COA on Petitioner's fifth claim founders on the separate constitutional component.

B.      Remaining Claims

Petitioner's nine remaining claims alleged constitutionally ineffective assistance of trial and appellate counsel. In its January 30 memorandum opinion and order (at 20-27), the Court set forth in detail the reasons why it concluded that none of Petitioner's ineffective assistance claims merited habeas relief. As noted above, the Court may grant a request for a certificate of appealability if the applicant makes a "substantial showing of the denial of a constitutional right." Pursuant to 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that an applicant makes a "substantial showing" where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). While a COA determination thus "requires an overview of the claims in the habeas petition and a general assessment of their merits," it does not entail "full consideration of the merits" or "a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

Applying that standard, the Court concludes that a certificate of appealability should not issue as to any of Petitioner's ineffective assistance claims. Petitioner's argument that he received ineffective assistance because counsel failed to persuade the trial and appellate courts to vacate one of Petitioner's two murder convictions (claim 6) is not debatable or deserving of encouragement to proceed further because the courts' merger of the two convictions reflected proper Illinois practice. Counsel's failure to challenge the Illinois first degree and second degree murder statutes (claims 7 and 12) cannot likewise constitute ineffective assistance because both of those statutes previously had withstood constitutional challenges.

Several of Petitioner's ineffective assistance claims plainly fall short of the "debatable" threshold in view of the findings of the state court. To begin with, the state trial court characterized trial counsel's presentation of the issues and defenses to the jury (claim 8) as reflecting "probably his most intelligent choice." The trial court also found that Petitioner was fully informed when he decided not to accept the State's offer of a plea deal (claim 9) and that the suppression of Petitioner's pre-trial statement (claim 10) was denied despite counsel's arguments for suppression. The trial court further found no evidence that a prejudicial picture (claim 11) was shown to the jury, as Petitioner alleged.

In addition, the fact that, at sentencing, the trial court relied on evidence outside charges in indictment and proven at trial (claim 13) did not constitute ineffective assistance, for none of the factors on which the court relied was improperly considered. Finally, the advice of counsel to raise only one issue in a petition for leave to appeal to the Illinois Supreme Court (claim 15) was not constitutionally ineffective for all of the reasons stated in the Court's prior memorandum opinion and order (at 26-27).

In sum, the Court is mindful that "[m]any prisoners who seem likely to lose in the court of appeals nonetheless are entitled to certificates of appealability under the statutory standard; meritorious appeals are a subset of those in which a certificate should issue." *Thomas v. United States*, 328 F.3d 305, 308 (7th Cir. 2003). Nevertheless, for all of the reasons stated above and in the Court's prior memorandum opinion and order, the Court cannot conclude that "reasonable jurists could debate whether * * * the petition should have been resolved in a different manner" or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484; see also *Arredondo*, 542 F.3d at 1165.

4

**III.    Conclusion**

For the reasons stated above, the Court respectfully denies Petitioner's request [41] for a certificate of appealability.

Dated: April 6, 2009  _____
Robert M. Dow, Jr.
United States District Judge